IN THE MATTER OF TED A. SCHUMACHER.
(SUPREME COURT DISCIPLINARY Nos. 354, 412)
(329 SE2d 499)

PER CURIAM.

The State Bar filed two formal complaints against attorney Schumacher alleging violations of Standards 44 and 68 of Georgia Bar Rule 4-102 in each case. The record shows that the respondent was personally served with the formal complaints; however, service of subsequent proceedings at both last-known addresses in his file was returned as "unable to forward." A receiver has been appointed and discharged in another matter (Supreme Court Disciplinary No. 403). The respondent's failure to answer or to obtain an extension of time for his answer, requires that we deem the charges as to Standard 44 admitted, there having been a finding of no violation of Standard 68. State Bar Rule 4-212 (a).

In Case No. 354, the respondent was retained to represent James D. Temple in connection with efforts by the Ohio Welfare Department to collect for child support payments which the department had allegedly made to Mr. Temple's ex-wife. In spite of the respondent's representations that he would take the necessary steps to properly dispose of the alleged indebtedness, he failed to do so, resulting in the client's being adjudicated in contempt and being incarcerated for over 10 days.

In Case No. 412, the respondent was retained to represent Ms. Barbara W. Taylor to recover her share of the proceeds of a refund

check from the United States Internal Revenue Service for the 1981 federal taxes paid by Ms. Taylor and her ex-husband while married, which check had been received, negotiated unilaterally, and the proceeds retained by her ex-husband. The respondent obtained a judgment for his client, but his failure to take any further action on behalf of his client to collect the judgment forced her to take action on her own to collect the judgment without the benefit and advice of counsel.

The Special Master found violations of Standard 44 based on the respondent's abandonment of the two matters entrusted to him, and found that the respondent had apparently ceased the practice of law in this state and abandoned his practice and clients. The Special Master recommended that Schumacher be disbarred.

The State Disciplinary Board adopted the findings of fact and conclusions of law of the Special Master, and recommends indefinite suspension. Schumacher has made no response. We approve and adopt the recommendation of the Board. Attorney Ted A. Schumacher is indefinitely suspended from the practice of law in the State of Georgia, and can be readmitted to the State Bar of Georgia only upon his compliance with the reinstatement rules of the State Bar of Georgia in effect at the time of his petition for reinstatement.

*Indefinite suspension. All the Justices concur.*

DECIDED MAY 22, 1985.

*William P. Smith III, General Counsel State Bar, George E. Hibbs, Assistant General Counsel State Bar*, for State Bar of Georgia.