S99A1214. IN RE DANIEL H. BYARS.
(515 SE2d 834)

PER CURIAM.

Daniel H. Byars appeals the decision of the Office of Bar Admissions refusing to waive the requirement that he pass the bar examination to be reinstated to the bar. Because an indefinite suspension is tantamount to disbarment, we agree that this requirement should not be waived.

In 1980, this Court indefinitely suspended Daniel H. Byars from the practice of law.[1] He admitted misappropriating funds while serving in a fiduciary capacity, but said that the violation occurred because he was addicted to alcohol. In 1995 Daniel H. Byars sought reinstatement. The special master recommended reinstatement without any conditions being imposed because the opinion suspending Daniel H. Byars did not mention any conditions for reinstatement. The Review Panel of the State Disciplinary Board disagreed and recommended that reinstatement be conditioned on Daniel H. Byars passing all parts of the bar examination. Daniel H. Byars petitioned the Board of Bar Admissions to waive the examination requirement, but it denied his request. Daniel H. Byars appeals.

---

[1] See *In re Byars*, 245 Ga. 830 (268 SE2d 155) (1980).

An attorney who is disbarred, indefinitely suspended, or voluntarily surrenders a license to practice law for disciplinary reasons may not petition for reinstatement for three years.[2] When the attorney petitions for reinstatement, he or she must comply with the reinstatement rules of the State Bar of Georgia that are in effect at that time.[3] The current rules require all petitioners for reinstatement to take and pass the Georgia Bar Examination and achieve a score of 75 on the Multi-state Professional Responsibility Examination.[4] The Review Panel recommended that Daniel H. Byars fulfill this standard requirement because he had not practiced law for 18 years. Because an indefinite suspension is tantamount to disbarment,[5] Daniel H. Byars has not kept up his bar dues or his continuing legal education during his period of suspension, and the rules for reinstatement now require that petitioners pass the bar examination again, we agree that Daniel H. Byars must take and pass the bar examination as a condition of his reinstatement to the practice of law in the State of Georgia.

*Denial of waiver affirmed. All the Justices concur.*

DECIDED MAY 17, 1999.

*Pope, McGlamry, Kilpatrick & Morrison, Paul Kilpatrick, Jr., Fuller & McKay, Kenneth C. Fuller,* for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, Rebecca S. Mick, Assistant Attorney General, William P. Smith III, General Counsel State Bar, Paula J. Frederick, Deputy General Counsel,* for appellee.

---

[2] State Bar Rule 4-304.

[3] See *In re Beckum*, 261 Ga. 519 (407 SE2d 405) (1991); *In re Schumacher*, 254 Ga. 364 (329 SE2d 499) (1985); *In re Shiver*, 251 Ga. 849 (310 SE2d 702) (1984); see also State Bar Rule 4-301 (d) (petitioner for reinstatement shall proceed under rules in effect at the time of the filing of the petition).

[4] State Bar Rule 4-305.

[5] Cf. *In re Shiver*, 251 Ga. at 849 (persons who voluntarily surrender license for an indefinite period are subject to the same procedure for reinstatement as persons who are disbarred).